UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTONIO AMENDOEIRA,

              Plaintiff,

   -against-

MONOGRAM CREDIT CARD BANK OF
GEORGIA, HOME DEPOT USA, INC., THE
HOME DEPOT, INC. HOME DEPOT CREDIT
SERVICES, GENERAL ELECTRIC
COMPANY, GE MONEY BANK,
GE CAPITAL CORPORATION, GE
CONSUMER FINANCE, ARROW
FINANCIAL SERVICES, LLC AND TRANS
UNION, LLC,

          Defendants.
----------------------------------------------------------X

## MEMORANDUM AND ORDER

CV 05-4588

(Wexler, J.)

APPEARANCES:

    THE LAW OFFICE OF JOSEPH MAURO, LLC
    BY: JOSEPH MAURO, ESQ.
    Attorneys for Plaintiff
    631 Montauk Highway Suite 6
    West Islip, NY 11795

    PHILLIPS LYTLE LLP
    BY: PRESTON L. ZARLOCK, ESQ.
    Attorneys for Defendant GE Money Bank
    3400 HSBC Center
    Buffalo, New York 14203-2887

WEXLER, District Judge

    This is an action commenced by Plaintiff alleging violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA" or the "Act") and New York State Law. Presently

before the court is the motion of Defendant GE Money Bank for summary judgment.[1]

## BACKGROUND

I. The Allegations of the Complaint

Plaintiff Anthony Amendoeira is an individual residing in this District and a consumer, within the meaning of the FCRA. Plaintiff's complaint details his experiences arising out of mistakes made with respect to a Home Depot credit card. The complaint catalogs a series of unfortunate events following the wrongful debiting of Plaintiff's bank account in December of 2001. Those events include harassing communications by collection agencies, the writing of letters, hiring of lawyers and enlisting the aid of a New York State Senator. All, allegedly, to little or no avail. It is Plaintiff's contention Defendant failed to perform a reasonable investigation as to Plaintiff's credit dispute and thereby violated the FCRA. As a result of Defendant's actions Plaintiff claims to have suffered injury including financial loss, loss of credit, mental anxiety, pain worry and unwarranted attorney's fees.

II. The Motion for Summary Judgment

Defendant moves for summary judgment arguing that: (1) it acted reasonably and therefore cannot be liable and (2) in any event, Plaintiff has suffered no damage. Plaintiff, citing to the presence of issues of fact, denies the reasonableness of Defendant's actions and argues that he has, in fact, suffered damage. Both sides have submitted expert reports in support of their respective positions.

---

[1] GE Money Bank is the sole remaining defendant. All other named defendants have been voluntarily dismissed with prejudice from this action.

## DISCUSSION

I. Standards Applicable to Motions For Summary Judgment

A motion for summary judgement is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 250 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. McLee v. Chrysler Corp. 109 F.3d 130, 134 (2d Cir. 1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 242.

II. The Fair Credit Reporting Act

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681b. Section 1681s-2 of the Act provides, inter alia, that after receiving notice of a dispute with regard to the accuracy of information, the person who receives such notice shall "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A); see Trikas v. Universal Card Servs. Corp., 351 F. Supp.2d 37, 44 (E.D.N.Y. 2005). While the FCRA does not state with specificity the type of investigation required, courts have required a "reasonable investigation" to determine whether

disputed information can be verified. Johnson v. MBNA Am. Bank NA, 357 F.3d 426, 431 (4th Cir. 2004); Rosenberg v. Cavalry Investments, LLC, 2005 WL 2490353 *5 (D. Conn. 2005).

III. Disposition of the Motion

Upon review of the papers submitted in support and in opposition to the motion for summary judgment, the court concludes that issues of fact as to both the reasonableness of Defendant's investigation and Plaintiff's damages precludes the entry of judgment at this time. Accordingly, the motion for summary judgment is denied. Accord Rosenberg, 2005 WL 2490353 at *5 (recognizing that issue of reasonableness of investigation is question of fact for jury).

## CONCLUSION

Defendant's motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 7 2007